STEPHEN MIGNONA, Respondent, v. MANIFRIED CHIAFFARELLI, Defendant; ELECTRIC PARK AMUSEMENT COMPANY, Appellant.

Kansas City Court of Appeals, January 11, 1909.

1. GARNISHEE: Principal and Agent: Possession: Debtor. Where a garnishee gave his check to his agent to pay his employee or the employee's creditor as a court might decide and at the trial the check was in his agent's possession, he is liable to the plaintiff in the garnishment regardless of the time his agent received the check.

2. ——————: ——————: ——————: Stake Holder: Evidence. An agent holding funds due his principal's employee is indebted to him and on the record and the evidence in this case it appears that the agent at the time of his answer held the funds of his principal's employee as a stakeholder to be paid to said employee or his creditor, and the judgment was properly rendered against him for the funds.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*Bruce Barnett* for appellants.

(1) The court erred in rendering judgment against the garnishees or either of them, because there was no evidence whatever that either garnishee was indebted to the defendant, Mignona, at the time of the

service of the garnishment upon either garnishee or at any time thereafter up to and until the filing of answers to the interrogatories. R. S. 1899, sec. 3436. (2) The answer filed by the garnishees to the plaintiff's interrogatories alleging no indebtedness from garnishees, or either of them, to plaintiff, the burden of proof was upon plaintiff to show that said answers were not true and that garnishee was indebted to plaintiff. Davis v. Knapp & Shea, 8 Mo. 657.

*Williams & Hunter* for respondent.

(1) There was no error in the court's action in rendering judgment against the garnishees. R. S. 1899, secs. 3433, 3436; Dinkins v. Woodenware Co., 91 Mo. App. 213.

BROADDUS, P. J.—The plaintiff, Mignona, obtained judgment against defendant in the justice's court and garnishment proceedings were instituted against Electric Park Amusement Company and Bruce Barnett in aid of execution of said judgment. Bruce Barnett, in his answer to interrogatories, alleged "that this garnishee holds as trustee and stakeholder certain funds in which the defendant may hereafter acquire an interest or to which he may hereafter become entitled, but same was not due to defendant at the time of service of the garnishment and is not due now." The justice rendered judgment in favor of the plaintiff and against both garnishees. An appeal was taken to the circuit court. In that court, Mr. Heim of the Electric Park Amusement Company was introduced by plaintiff as a witness and testified he had been indebted to Chiaffarelli, the defendant, who was a bandmaster, but that he had given Bruce Barnett a check to the extent of the indebtedness to be turned over to whomsoever should win under the garnishment proceedings. Mr. Barnett was attorney for Chiaffarelli as well as the Amusement Company. Barnett was to hold this fund

as stakeholder and to award it to the person entitled to it.

It is the position of appellants that the judgment cannot be good as against the amusement company if Barnett had possession of the fund; and that if he had not the possession of the fund, the judgment could not be good as against him. If the check was given to Barnett before the garnishment proceeding or filing of answer to interrogatories, the amusement company is released from liability; if given afterwards, Barnett is not liable. Or, in other words, that the judgment cannot make both responsible.

As to claim of the amusement company: It is elementary law that the agent stands in the shoes of the principal, that the possession of the agent is the possession of the principal. Hence, if the agent has not or refuses to part with his possession, it is the same thing as if the principal had not, and the obligation of the principal still remains. So, the amusement company, as principal, was and is liable regardless of the time that Barnett, as agent, received the check.

As to Bruce Barnett, he became indebted to plaintiff when the court found that he had funds in his possession which were then due to Chiaffarelli. At the time of garnishment, he admitted the possession, but denied that they were owing to Chiaffarelli. Barnett's contention is that it is not shown when he received possession of the check. In the circuit court, Heim's evidence showed that he had given Barnett a check and that Barnett was acting as stakeholder of the same. The only plausible conclusion to be reached is that this check was in Barnett's hands at the time of the filing of his answer to the interrogatories and constituted the funds he said he was holding as stakeholder. Therefore, the action of the circuit court was proper in rendering judgment against him. Affirmed. All concur.